Mark P. Robinson *v.* Robert R. Hinds.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1875.

*Harris and Judd, J. J.*

### Mark P. Robinson *vs.* Robert R. Hinds.

W. & A. As agents for a certain schooner signed a memorandum of agreement for the transportation of certain freight, A. being at that time also a part owner of the schooner; but sold out his interest previous to the transportation of the freight; HELD that the fact of A. being a part owner and at the same time a member of the firm of W. & A. did not make W. & A. principals in the transaction, and that it was left for the jury to find as a fact in the case whether or not W. & A. acted for the owners in signing the memorandum of contract.

On defendant's exceptions from October term, 1874.

Mr. Justice Judd delivered the opinion of the Court.

This was an action brought to recover freight on defendant's goods transported on the plaintiff's schooner from Honolulu to Kohala, Hawaii, and delivered to defendant.

The bill of exceptions claims that the Court erroneously charged the jury as follows:

*First,* To the effect that the non-joinder of Samuel C. Allen, who was a part owner of the schooner Mary Ellen, on the 7th day of April, 1874,—the date of the memorandum for carriage of certain freight, signed by Walker & Allen,—did not affect the plaintiff's claim for freight transported after the said Allen transferred his interest, and plaintiff was the sole owner of said schooner.

*Second,* That the aforesaid memorandum of agreement for carriage of freight, did not show necessarily an entire contract, but was several in its items.

*Third,* That it was for the jury to say whether the contract was made with Mark P. Robinson's (plaintiff's) agents, as with agents or principals, and further that if made with them as agents solely, no objection could be made to the non-joinder of Allen except as to the items previous to Allen's transfer; whereas the Court should have instructed the jury that it was for them to say whether the contract was made with Walker & Allen while one of the firm was a part owner.

The following evidence is certified up: There was evidence of the plaintiff of an advertised newspaper notice, that Walker & Allen were agents of the schooner Mary Ellen, on which the defendant's goods for which the freight is claimed were shipped to him and from which they were delivered to him; also that said schooner was owned by the plaintiff and said Allen in the shares of two-thirds and one-third until May 5th last, when the plaintiff became sole owner by bill of sale that day recorded at the Custom House.

That the freight for goods taken on the said schooner up to said May 5th, for the defendant, was $8.75. That T. H. Davies, the defendant's agent in Honolulu, who shipped or ordered said goods, was aware that Walker & Allen shipped or would ship them on the Mary Ellen. That the defendant after receipt of said goods acknowledged the bill of freight to be correct and directed its settlement by his said agent by certain letters which are on file in the case. That said bill was charged to the defendant only, on said Walker & Allen's book of schooner accounts, which was kept distinct from their other accounts, and that it was the custom to charge freight to consignees. That said Davies had a private claim for goods sold to said Walker & Allen, as shown by his account on file in the case, in which it appears that he took Walker & Allen's promissory note, dated March 20th, 1874, payable in three months, on said account, and that this note had never been presented for payment nor had demand been made for payment of his said account.

Mark P. Robinson *v.* Robert R. Hinds.

There was no evidence that the plaintiff was indebted to Davies or to the defendant, that Walker & Allen were indebted to the defendant, or that the defendant was indebted to Davies.

The Court instructed the jury that "if Davies contracted with Walker & Allen as agents of the schooner, he did not contract with them as owners, and the owner may recover freight, and Davies cannot offset against the owner his private account against the agents. That the consignee and known owner of the goods, if he receive them, could in that case be made responsible for the freight. That it was for the jury to answer the question whether Hinds in writing promised to pay July 7th; if he did, even allowing it was to pay another man's debt, he is responsible. That Davies, acting as Hinds' agent, cannot offset his debt against Hinds', although if the account had been rendered July 1st to him, by Walker & Allen, and balance struck so that it was settled, it would be otherwise."

The memorandum of agreement for carriage of the freight referred to above is as follows:

### MEMORANDUM OF FREIGHT ON MR. HINDS' MACHINERY.

1 Steam Engine complete with fly wheel.   2 Steam Boilers—
$100 each............................................................................$200 00
1 Steam Chest, 2 Spur Wheels, 2 Pinions, 2 Pillow Blocks, 1
Sole Plate, 2 Shafts for gearing, 2 Half Couplings, Engine
of Annie Laurie, 3 Packages Smokestack—balance of machinery as specified.........................................................   125 00

For the lot......................................................................$325 00

And further machinery to be the subject of special agreement. Ordinary freight, iron, sheet iron, &c., at $5 per ton.

It is understood that all machinery is to be the subject of special agreement.

20 bbls. lime, 20 bbls. cement—included in the above machinery.

2,000 fire bricks.

WALKER & ALLEN.

Honolulu, April 7th, 1874.

BY THE COURT :

It is claimed that as Allen was a part owner in the schooner at the time of signing the memorandum of contract, the action should have been brought in his name. We do not think so. The owners of a vessel being such at the time the freight money is earned, are entitled to receive it, and they only can recover it in an action ; that is to say, the avails of the contract of affreightment (which becomes completely executed when the goods are delivered), go to those who perform the contract, the owners of the vessel.

This is not the case of a ship being bound by charter or contract of affreightment, and during the voyage in performance of the contract is sold ; in which case the vendor would have to bring an action in his own name for a breach. 1 Parsons, Mar. Law p. 214. For in the case before the Court the goods for which freight is claimed were *transported* after the sale of Allen's interest, and Walker & Allen's contract bound only the owner who was such at the time the goods were transported—the plaintiff Robinson ; and the direction of the Court to the jury was correct, to the effect that the plaintiff might have his action for the freight on the goods transported after Allen had sold his interest, and that therefore the nonjoinder of Allen did not affect Robinson's claim for such freight; in fact, it might have been a misjoinder to have put in Allen as a party plaintiff for any part of the amount claimed, except the sum of $8.75 earned before 5th of May, 1874, (and while he was still part owner.)

There is nothing in the contract to show that it was not severable as to its items.

This contract, if it was made by Walker & Allen as agents for the owners, bound the owners of the vessel; it made no difference if Allen was a part owner at the time; the copartnership or firm of Walker Allen might act as agents for the owners. The fact of Allen's being a part owner and at the same time a member of the firm of Walker & Allen, did not

make Walker & Allen principals in the transaction, and it was very properly left to the jury to find as a fact in the case whether or not Walker & Allen acted as agents for the owners in signing the memorandum of contract.

It was not necessary for Walker & Allen, in order to bind the principals, (this being a simple contract), to use their principal's name in signing. 8 Pick. p. 56. Exception overruled.

A. S. Hartwell for plaintiff.

R. H. Stanley for defendant.

Honolulu, January 25th, 1875.